IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**COURT FILE NO. 1:12-cv-00297-WYD**

**DOROTHY KELLY,**

    **Plaintiff,**

**v.**

**PALISADES COLLECTION, LLC,**

    **Defendant.**

---

## ANSWER OF DEFENDANT PALISADES COLLECTION, LLC

---

Defendant Palisades Collection, LLC ("Palisades"), as and for its Answer to the Complaint of Dorothy Kelly ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### JURISDICTION

1. In response to Paragraph 1 of Plaintiff's Complaint, Palisades admits that the statutes referenced confer jurisdiction upon this Honorable Court but denies that jurisdiction is appropriate as there has been no violation of law.

2. In response to Paragraph 2 of Plaintiff's Complaint, Palisades admits that the statute referenced confers jurisdiction upon this Honorable Court but denies that jurisdiction is appropriate as there has been no violation of law.

3. In response to Paragraph 3 of Plaintiff's Complaint, Palisades admits that Plaintiff has alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies that it violated any law.

## VENUE

4. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Palisades admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint, upon information and belief.

7. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Palisades denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

## PARTIES

9. In response to Paragraph 9 of Plaintiff's Complaint, Palisades admits, upon information and belief, that Plaintiff is a natural person residing in the City of Longmont, County of Boulder, State of Colorado but lacks information or knowledge sufficient to either admit or deny the remaining allegations.

10. In response to Paragraph 10 of Plaintiff's Complaint, Palisades admits that it is a limited liability company formed under Delaware law and that it operates from the address alleged. Palisades further states that at times it is a "debt collector" as defined

by the FDCPA but it lacks information or knowledge sufficient to either admit or deny that it is a "debt collector" as defined by the FDCPA in this matter.

11. In response to Paragraph 11 of Plaintiff's Complaint, Palisades states that it is licensed by the State of Colorado under the license number referenced therein.

## FACTUAL ALLEGATIONS

12. In response to Paragraph 12 of Plaintiff's Complaint, Palisades states that it attempted to collect a debt owed by Plaintiff to it.

13. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Palisades admits the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, Palisades states that it received a letter from Plaintiff dated January 8, 2008 disputing her debt owed to Palisades and requesting validation of the debt.

16. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Palisades denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint. Palisades affirmatively states that it provided Plaintiff with validation of her debt on December 10, 2008. *See* Affidavit of Steve Braun ("Braun Aff.") attached as Exhibit 1 at ¶ 8, Exs. A and C.

18. Palisades denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint. Palisades affirmatively states that it provided Plaintiff with validation of her

debt on December 10, 2008.  *See* Braun Aff. attached as Exhibit 1 at ¶ 8, Exs. A and C.

19.  In response to Paragraph 19 of Plaintiff's Complaint, Palisades states that its second letter to Plaintiff dated January 25, 2012 speaks for itself, while denying the allegations to the extent, if any, that they misinterpret and/or misconstrue said letter. *See* Braun Aff. ¶ 13, Ex. F.

20.  In response to Paragraph 20 of Plaintiff's Complaint, Palisades states that its first letter to Plaintiff dated January 25, 2012 speaks for itself, while denying the allegations to the extent, if any, that they misinterpret and/or misconstrue said letter.  *See* Braun Aff. ¶ 12, Ex. E.

21.  Palisades denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.  In response to Paragraph 22 of Plaintiff's Complaint, Palisades states that the case law referenced speaks for itself, while denying the allegations to the extent, if any, that they misinterpret and/or misconstrue said case law.

23.  In response to Paragraph 23 of Plaintiff's Complaint, Palisades states that the case law referenced speaks for itself, while denying the allegations to the extent, if any, that they misinterpret and/or misconstrue said case law.

24.  Palisades denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.  In response to Paragraph 25 of Plaintiff's Complaint, Palisades states that the statute referenced speaks for itself, while denying the allegations to the extent, if any, that they misinterpret and/or misconstrue said statute or case law interpreting the same.

26. Palisades denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Palisades admits the allegations set forth in Paragraph 27 of Plaintiff's Complaint, upon information and belief.

28. Palisades denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. In response to Paragraph 29 of Plaintiff's Complaint, Palisades states that the statute referenced speaks for itself, while denying the allegations to the extent, if any, that they misinterpret and/or misconstrue said statute or case law interpreting the same.

30. Palisades denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Palisades denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Palisades denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Palisades denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Palisades denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Palisades denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Palisades denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Palisades denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Palisades denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

## **CAUSES OF ACTION**

43. In response to Paragraph 43 of Plaintiff's Complaint, Palisades restates and reasserts Paragraphs 1-42 of this Answer.

44. Palisades denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Palisades denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. In response to Paragraph 46 of Plaintiff's Complaint, Palisades restates and reasserts Paragraphs 1-45 of this Answer.

47. Palisades denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Palisades denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Palisades denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Palisades denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

## TRIAL BY JURY

51. In response to Paragraph 51 of Plaintiff's Complaint, Palisades admits that Plaintiff demands a trial by jury but denies that a trial by jury is appropriate as there has been no violation of law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Palisades denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Palisades.

### THIRD DEFENSE

Any violation of the FDCPA, which Palisades denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, if applicable.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Palisades denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Palisades.

### FIFTH DEFENSE

The FDCPA does not allow for an award of punitive damages.

### SIXTH DEFENSE

Some or all of Plaintiff's FDCPA claims are barred by the applicable statute of limitations.

**WHEREFORE,** Palisades prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Palisades with prejudice and on the merits; and,

2. Awarding Palisades such other and further relief as the Court deems just and equitable.

Dated this 1st day of March, 2012.

                                         Moss & Barnett, PA

                                         s/ James R. Bedell
                                         Michael S. Poncin
                                         James R. Bedell
                                         Moss & Barnett, PA
                                         4800 Wells Fargo Center
                                         90 South 7th Street
                                         Minneapolis, MN 55402-4129
                                         Telephone: (612) 877-5000
                                         Fax: (612) 877-5999
                                         E-mail: PoncinM@moss-barnett.com
                                         E-mail: BedellJ@moss-barnett.com
                                         Attorneys for Defendant Palisades Collection, LLC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Troy D. Krenning – troydklaw@msn.com
Jill Gookin – jill@gkalaw.com

                                        s/ James R. Bedell
                                        James R. Bedell
                                        Moss & Barnett, PA
                                        4800 Wells Fargo Center
                                        90 South 7th Street
                                        Minneapolis, MN 55402-4129
                                        Telephone: (612) 877-5000
                                        Fax: (612) 877-5999
                                        E-mail: BedellJ@moss-barnett.com